Nov. Term,
1830.

Moore, Administrator, *v.* Martindale, Administrator.

Moore
v.
Martindale.

If an administrator suffer judgment by default, he cannot afterwards, by the common law, in an action against him suggesting a devastavit, plead plène administravit.

The statute of 1822, authorising, under those circumstances, the plea of plene administravit, does not affect cases in which the judgment by default was suffered previously to the statute.

ERROR to the *Wayne* Circuit Court.

Saturday,
November 27.

Holman, J.—Declaration in debt, setting forth that on the 16th of *July*, 1821, *Mordecai Mendenhall* recovered a judgment against *William Young* and *Moses Martindale*, administrators of the estate of *Jesse Young*, deceased, by default, for want of a plea; to be levied of the goods and chattels, lands and tenements, of the deceased, in their hands to be administered: that *Mendenhall* died, and that administration of his estate was granted to the plaintiff: that he had the judgment revived in his own name as administrator, at the *August* term of the Circuit Court, 1829, and execution awarded: that an execution issued and was returned *nulla bona*. He avers that, at the time the judgment was obtained, and at the time it was revived and execution awarded, there were assets in the hands of the defendants to the value of the judgment, which were afterwards wasted by the defendants. *Young* was not found. *Martindale* appeared and pleaded, that at the time he had notice of the debt, to wit, on the 10th of *January*, 1821, he had fully administered all the assets that came into his hands; and that he has received nothing since. Wherefore, he says he is not guilty of the waste charged in the declaration. To this plea the plaintiff demurred specially. The Circuit Court overruled the demurrer and gave judgment for the defendant.

It is admitted, that if *Mendenhall* had followed up his judgment by execution, and had not found assets to satisfy it, he would have had, as the law then stood, a right of action against the defendant, on the suggestion of a devastavit; and that the defendant could not have been heard in any plea denying what, in legal intendment, was admitted by the default, viz. that he had assets to discharge the judgment. The facts pleaded in the present action would not, under any form, have constituted

45

a defence.   But it is contended, that by the act of assembly, approved *January* the 2d, 1822, the law has been changed, so as to remove the defendant's liability so far as to permit him to show he had no assets.   This act provides that no mispleading, or lack of pleading, shall hereafter render any executor or administrator liable to pay any debt of the deceased, damages, or costs, beyond the actual amount of assets, which shall or may come into his hands.   Stat. 1822, p. 141.   Without inquiring into the competency of the legislature, to pass an act impairing the rights of *Mendenhall* or his representative, or diminishing the liability of the defendant, we are of opinion that they have not attempted to interfere in the case, but have left it just where it was.   The act of assembly is prospective as to the mispleading or lack of pleading, as well as to the administrator's discharge from liability.   By a fair construction, it says that nothing that takes place hereafter, as to mispleading or lack of pleading, shall render the administrator liable beyond the assets; and says nothing about previous mispleading or lack of pleading, but leaves them with their consequences, under the operation of the law that prevailed at the time they took place.   The law on this subject that was in force when the original judgment was entered, though its policy has been often questioned, has been too long and too well settled to admit of controversy.   The judgment by default so fixed on the administrator the presumption of assets, to the amount of the judgment, that, in a subsequent action for a devastavit, he is estopped from denying that fact.   This is the law that governs the case: of course, the defendant's plea was inadmissible, and the demurrer should have been sustained.

*Per Curiam.*—The judgment is reversed with costs (1).

*Smith*, for the plaintiff.

*Rariden*, for the defendant.

(1) A re-hearing was granted in this case; but the same judgment in it, as above, was afterwards rendered.   Vide R. C. 1831, p. 169.—*Martindale* v. *Moore*, *Nov.* term, 1833.